### BOARD OF COMMISSIONERS OF HAMILTON COUNTY ET AL. *v.* BAKER, SHERIFF.

[No. 27,183. Filed February 20, 1939.]

*Cloe, Campbell & Cloe,* for appellants.

*Christian & Waltz,* and *Worth H. Castor,* for appellee.

FANSLER, J.—This is an appeal from a declaratory judgment in which chapter 113 of the Acts of 1937 (Acts 1937, p. 516) was construed by the court below to authorize the collection of $400 by the sheriff of Hamilton County as an allowance for gasoline, oil, tires, and automobile repairs, and in addition thereto an allowance of 6 cents per mile for each mile necessarily traveled in the service of writs.

The only question presented involves a construction of the statute, which is as follows: "Section 1. Be it enacted by the general assembly of the State of Indiana, That Section 8 of the above entitled act be amended to read as follows: Section 8. The salaries herein provided for sheriffs shall be in full for all services required of the sheriffs by statute, including the attendance upon all courts and boards, except as herein otherwise provided. The sheriffs' fees accruing on process issued by courts outside of the county shall be the property of the respective sheriffs. Sheriffs shall be paid as now provided by law for transporting persons to penal and benevolent institutions, and for going for and returning fugitives from justice, which allowance shall inure to the benefit of the sheriff. In service of any writ or process required to be served by the sheriff where conveyance is furnished and maintained by the sheriff he shall receive mileage at the rate of six cents per mile for each mile necessarily traveled in continuous trips by such conveyances, which said mileage shall be the property of the sheriff: Provided, however, That where

a county owned conveyance maintained by the county is used by the sheriff in any service, no mileage charges shall be payable by the county: Provided, further, That in all counties having a population of thirty thousand or less according to the last preceding United States census, and where the sheriff of any such county furnishes and maintains the conveyances used in the discharge of his official duties, the sum of Four Hundred ($400.00) Dollars per annum shall be paid to such sheriff by the county in quarterly installments on the 1st day of January, April, July and October of each year, as an allowance to cover the cost of all gasoline, oil, tires and repairs necessary to operate such vehicles while used in the discharge of any of the official duties of such sheriff. Before any mileage is paid to the sheriff, as above stipulated, he shall file an itemized and verified claim with the board of county commissioners showing the trips made and the miles per trip. Nothing herein contained shall be so construed as to repeal, alter, change or amend any of the provisions of Chapter 124 of the Acts of the General Assembly of 1919, or amendments thereto as set forth in Chapter 183 of the Acts of the General Assembly of 1921 and any amendatory acts thereto, or any of the provisions of Chapter 73 of the Acts of the General Assembly of 1935." Acts 1937, ch. 113, p. 516, *supra*.

Traveling in the service of writs is a service required of the sheriff by statute. The first provision of the act is that the salary shall be in full of services, and this would include traveling in the service of writs, except as otherwise provided, and in no case is the sheriff entitled to mileage fees unless there is an express provision for allowance. There is an express provision that the sheriff shall have the fees on process issued by courts outside the county, and the statutory allowances for transporting prisoners

to penal and benevolent institutions, and for going for and returning fugitives from justice. These fees he is allowed in addition to his salary. Where the county owns and maintains the conveyance used in the service of writs, the sheriff is allowed no mileage, but only his salary; but, where he furnishes and maintains the conveyance used for that purpose, there is an express provision for an allowance of mileage at the rate of 6 cents per mile in addition to his salary. Following these provisions is the clause in controversy. It only applies to counties having a population of less than 30,000, and provides for an allowance of $400 per annum "to cover the cost of all gasoline, oil, tires and repairs necessary to operate such vehicles while used in the discharge of any of the official duties of such sheriff." Here we see in the legislative mind an assumption that the vehicle owned by the sheriff and maintained by him will be used partly in the discharge of his official duties and partly for other purposes. The items involved in the cost of maintaining a motor vehicle consist almost entirely of gasoline, oil, tires, and repairs, so that the effect of the provision is that in such counties where the sheriff furnishes the conveyance the county will maintain it when used in the discharge of official business, the cost of said maintenance being arbitrarily fixed at $400. Here then is a situation differing from that in which the sheriff owns and maintains the conveyance and receives a mileage allowance, and from the one in which the county owns and maintains the conveyance and the sheriff receives no mileage allowance. Here the sheriff owns the conveyance and the county maintains it. There is no express provision that under such circumstances the sheriff shall receive an allowance for mileage, and, since the first and controlling clause of the act provides that the salary shall be in full of all services,

except as otherwise provided, there can be no allowance of the mileage fees.

The Attorney General gave an opinion to the State Board of Accounts to this effect. (Opinions of the Attorney General 1937, p. 304.)

Judgment reversed, with instructions to enter judgment for the appellants consistent with this opinion.

Roll, J., absent.